972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earlene POLYAK, Plaintiff-Appellant,
v.
Jim T. HAMILTON, Individually and in his judicial capacity
as Circuit Judge; Circuit Court of Lawrence
County, Defendants-Appellees.
 No. 92-5246.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Earlene Polyak, proceeding without assistance of counsel, appeals from the order of the district court denying her "Motion to Set Aside Order on New Evidence and Schedule Jury Trial." This case has been referred to a panel of the court pursuant to Rule 9(b)(3), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages, injunctive relief and a protective order, Polyak brought suit under 42 U.S.C. § 1983, against a Tennessee state court judge, Jim T. Hamilton, and the Lawrence County Circuit Court. Polyak sought the restraining order to prevent the partition sale of property she inherited with her siblings as tenants in common which has been the subject of litigation in Judge Hamilton's court. The district court sua sponte dismissed the complaint with prejudice, characterizing Mrs. Polyak's case as frivolous, malicious, and harassing. The district court also enjoined Polyak from filing further litigation surrounding the state litigation involving the partition sale, without the express permission of the court. This court affirmed the district court's order dismissing Polyak's action, and denied her petition for rehearing en banc on October 23, 1986. Petition for writ of certiorari was denied on July 29, 1987, and this court's mandate issued on September 16, 1987. A second petition for rehearing en banc dated September 28, 1987, seeking review of this court's affirmance of the district court was returned to Mrs. Polyak because this court no longer had jurisdiction. A subsequent request to forward record, construed as a motion to correct or modify the record on appeal, was denied by the district court in July 1989.
 
 
 4
 In December 1991, Polyak moved to set aside the district court's order of dismissal on the basis of new evidence. The district court denied Mrs. Polyak's request to reopen the case on the grounds that "[n]o amount of new evidence can change the basic proposition that this action cannot be maintained, as asserted, against a state court judge and a state court." Upon review, we find no error.
 
 
 5
 Accordingly, the order of the district court is hereby affirmed for the reasons set forth in its memorandum dated December 31, 1991. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation